**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0211-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHMAN J. HERRILL,
a/k/a RAHMAN HERRILL,

    Defendant-Appellant.

_____

Submitted April 12, 2021 – Decided May 3, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-07-1917.

Ferro and Ferro, attorneys for appellant (Nancy C. Ferro, on the briefs).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rahman J. Herrill appeals from the denial of his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was convicted by a jury of having committed murder, N.J.S.A. 2C:11-3(a), third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). He was sentenced to life imprisonment with a thirty-year period of parole ineligibility for his murder conviction and a consecutive five-year term with a three-year period of parole ineligibility for the weapons offenses.

Defendant appealed his conviction and sentence. In an unpublished opinion, we affirmed his conviction but remanded his sentence for correction of a merger issue. State v. Herrill, A-6380-01 (App. Div. Oct. 6, 2003). The Supreme Court denied defendant's petition for certification. See State v. Herrill, 178 N.J. 455 (2004).

Thereafter, defendant filed two unsuccessful petitions for PCR, one in 2004 and one in 2012. We affirmed the denial of his petitions in each instance. See State v. Herrill, A-2846-06 (App. Div. Apr. 9, 2010); State v. Herrill, A-

A-0211-20

4465-12 (App. Div. Jan. 14, 2015).[1]   Defendant also pursued unsuccessful petitions for habeas corpus in the federal courts.  Id. at 3.

On December 12, 2019, defendant filed a third petition for PCR.  In his supporting certification he claimed that he recalled a conversation with his attorney in which he was advised that the State had made a plea offer for him to plead guilty to aggravated manslaughter in exchange for a recommended thirty-year term.  According to defendant, his attorney advised him to not accept the offer and to proceed to trial.

Defendant asserted that in 2011, after his conviction, he wrote to his attorney about that plea offer.  In response, defendant received a letter dated March 25, 2011, in which, according to defendant, his "attorney denied that there were any plea negotiations other than the plea to the charge of murder." He then wrote to his attorney again in October 2016 and received a response dated October 24, 2016, that confirmed "there were plea negotiations, and the prosecutor offered a plea based on knowing and purposeful murder and that [he]

---

[1]  In our 2015 opinion we observed that on PCR, among other contentions, defendant "specifically argued his trial counsel was ineffective by failing to properly advise defendant, during alleged plea negotiations, if he was convicted he would be facing life in prison with a thirty year parole disqualifier."  Herrill, A-4465-12 (slip op. at 3-4).  We found that "defendant never explained why he did not raise in his earlier appeals or first PCR petition his trial counsel's alleged failure to properly advise him of the consequences of going to trial."  Id. at 8.

A-0211-20

rejected that plea." Defendant asserted that was contrary to what he discussed with his attorney prior to his trial.[2] According to defendant, had his attorney "explained that [he] would be facing a life sentence if [he] were convicted at trial, [he] would have accepted the deal for thirty years for aggravated manslaughter."

Defendant also explained that although his receipt of the October 24 letter raised a question in his mind about there being a plea offer, he did not file a new petition at that time because he was pursuing his rights in federal court and could not secure counsel until 2018. According to defendant, when his attorney filed his third petition for PCR in 2019, it was "based on the ineffective assistance rendered by [his] trial counsel during the plea negotiation phase and violation

---

[2] Counsel's October 24, 2016 letter stated the following:

> The Essex County Prosecutor's Office's only plea offer was to knowing and purposeful murder. Notwithstanding many discussions with [the prosecutors], we had discussed this plea offer on a number of occasions and it was your position that this was not an acceptable plea offer. As a result of your position to reject this plea or the State's refusal to accept our counter offer to plea to a lesser charge that would not expose you to a sentence of life imprisonment, there was no way to resolve this case without going to trial. Simply put, you rejected the only plea offer you received! The transcript of December 5, 2000 accurately sets forth this position.

of [his] due process rights by the failure to comply with Rule 3:9-2(f) and (g) which sets forth the procedure for pre-trial status conferences and plea negotiations which were designed to protect [his] rights to a fair process."

On August 13, 2020, Judge Christopher S. Romanyshyn entered an order denying defendant relief, supported by an eleven-page, written decision setting forth his reasons for denying the petition without an evidentiary hearing or oral argument.  In his decision, the judge concluded that even if there was merit to defendant's assertions about the existence of a plea offer, his petition was procedurally barred by Rule 3:22-12(a)(2).  As the judge explained, because the basis for defendant's petition was his trial counsel's 2016 letter, defendant had one year from the receipt of the letter to file his claim under the Rule, and that time limit could not be extended.  As defendant did not file his petition until 2019, his claim was barred.

The judge also explained that, regardless of the time-bar, defendant could not meet his burden under Strickland v. Washington, 466 U.S. 668, 686 (1984) because there was nothing to support his contention that there was a plea offer made by the State prior to his trial.  Contrary to defendant's assertion, his attorney's October 24, 2016 letter did not confirm that one existed.  In reaching that conclusion, the judge considered both counsel's March 25, 2011 letter and

5

the October 24, 2016 letter and found that they did not contain any "factual contradiction[s]." Both letters confirmed that the State was only willing to consider defendant's pleading to the murder charge. The judge concluded that "[d]efendant simply never had an option to accept a lesser plea, so his assertions that he would have if so advised, [State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011),] are irrelevant." This appeal followed.

On appeal defendant argues the following three points:

> POINT I
>
> THE PCR COURT ERRED IN RULING THAT DEFENDANT'S SUBSEQUENT [PCR] APPLICATION WAS PROCEDURALLY BARRED.
>
> POINT II
>
> THE PCR COURT ERRED IN RULING THAT DEFENDANT'S TRIAL COUNSEL RENDERED EFFECTIVE ASSISTANCE DURING THE PLEA NEGOTIATIONS PHASE.
>
> POINT III
>
> THE PCR COURT ERRED IN NOT FINDING THAT THE FAILURE TO COMPLY WITH RULE 3:9-1(f) AND RULE 3:9-3(g) VIOLATED PETITIONER'S RIGHT TO DUE PROCESS.

We are unpersuaded by defendant's contentions. We affirm substantially for the reasons expressed by Judge Romanyshyn in his thorough written

decision.    We conclude defendant's arguments to the contrary are without sufficient merit to warrant further discussion in a written opinion.    R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0211-20